IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DEBBIE PARKER,

       Plaintiff,

v.                                                                   Case No.: 4.05cv100-SPM/AK

PEAVY & SON, INC. and
WILLIAM HOWARD,

       Defendants.
_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION IN LIMINE**

      Plaintiff respectfully opposes Defendant's motion in limine (Doc. 50) for the reasons stated below.

**A.  Evidence of R. William Howard's Criminal History**

      Defendant's Vice-president, Magnus Delacy Peavy IV (Peavy IV), after a long course of complaints by Plaintiff about sexual harassment by her supervisor William Howard, advised Plaintiff that she should go to the FDLE website and print out information on the sex offenses with which Howard was charged.  Peavy IV further advised Plaintiff to make a written report to a high company official, Lois Seay.  The report was to include details of the sexual harassment Plaintiff was suffering from Howard with the FDLE report attached.  Plaintiff did as directed, except that she additionally had the complaint notarized by Wayne Mason, another high company official.  Plaintiff presented the complaint (with FDLE report attached) to Seay, who, in turn presented it to company President Magnus Delacy Peavy III (Peavy III).

      The complaint and its attachment are admissible.  Both show notice to the employer that

something was happening in the workplace that needed to be investigated. Howard was wearing an ankle bracelet and an electronic box associated with monitoring him in connection with his release on bond on the sex offenses against underage girls that were listed in the FDLE report. Howard had falsely claimed in the workplace that the electronic monitoring equipment was to alert him if his elderly mother fell. The extent of information provided to the employer to investigate is a measure of how much investigation and in what subject areas would be reasonable under the circumstances. This report and the complaint call for extensive investigation. They did little or no investigation.

Defendants say (without documents) that Howard was acquitted of felonies and convicted of misdemeanors. But the eventual outcome of the various criminal charges against Howard is irrelevant. The company officials are not prophets and could not know back then that Howard would eventually be convicted of some charges and acquitted of others. A reasonable company official notified that Howard was out on bond for sex offenses and accused of other sex offenses in the workplace would be motivated to look into the matter.

Plaintiff must prove as an element of sexual harassment that there is a basis for employer liability. Mendoza v. Borden, Inc., 195 F.3d 1238, 1245 (11th Cir. 1999). One way to do this is to show that the employee alerted the employer while there was still time to correct the situation. The jury needs to see exactly what documents Plaintiff presented at that time. If Plaintiff had presented some affidavits from other women claiming similar misconduct by Howard, this objection would not be made, even if some of those charges were later found false. The FDLE report is no different. The complaint and attachment are verbal acts showing notice to the employer and fulfillment of duty by the employee. They are also relevant to damages -- punitive damages to the extent they show reckless disregard and compensatory damages to the extent that this shows the helplessness and

hopelessness Plaintiff felt after complaining to no avail.

**B.  Evidence Regarding Sexual Harassment by Male Co-Workers Other Than Howard**

Defendant makes the erroneous claim that employers are not liable under Title VII for harassment by co-workers, only supervisors.  Defendant apparently thinks that because <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775 (1998) and <u>Burlington Industries, Inc. v. Ellerth</u>, 524 U.S. 742 (1998), did not deal with co-worker harassment, no other cases do either.  The two cases cited defined the tangible and intangible categories of supervisory harassment and the reporting obligations of employees under each.  The court did not have reason or occasion to reach non-supervisory harassment there.  However, a good discussion of the controlling doctrines on co-worker harassment in this jurisdiction may be found in <u>Watson v. Blue Circle, Inc.</u>, 324 F.3d 1252, 1259 (11th Cir. 2003) and the authorities cited therein.

**C. Evidence Regarding Plaintiff's Actions To Obtain an Injunction Against R. William Howard and Testimony at the Bond Revocation Hearing of R. William Howard**

Both of the events referenced in the motion -- Plaintiff's actions in obtaining an injunction, and the actions of Defendant and its officials with regard to the hearing to revoke Howard's bond -- are covered in both the whistleblower counts and the retaliation counts of the federal and state discrimination actions.  However, Defendant has moved in limine only on the whistleblower count, apparently thinking that is the only relevant count for these two clusters of evidence.

The factual gravamen is that the state moved to revoke Howard's bail on the child molestation charges in part because of his assaults on Plaintiff.  Howard responded by seeking to discredit Plaintiff by drafting a perjured affidavit accusing her of seeking prescription pain pills from him.  Howard then used his authority to obtain similar perjured affidavits from lower-ranking

employees. Peavy IV testified at the bond hearing as a witness for Howard. The company pulled out all the stops to hurt Plaintiff to help Howard.

Plaintiff obtained an injunction requiring Howard to remain 500 feet from her. Defendant refused to make accommodations in that regard so that Plaintiff could come to work and then fired her for not coming to work in violation of the injunction.

Defendant's argument is that the whistleblower statute can not apply because laws protecting the integrity of court proceedings such as laws against witness intimidation and witness retaliation are not specific to Defendant's business. But that is not the way courts read the requirement. A law pertaining to an employer's business may be one of general application so long as it is one that covers the business -- it just may not be one from which the business is exempt. Defendant seems to think the law must be specific to an industry so that, for example, only a statute about paving would apply to a paving company. That is just not so. In the context of witness tampering and intimidation -- the laws at issue here, there is exact precedent in Baiton v. Carnival Cruise Lines, Inc., 661 So. 2d 313, 315-16 (Fla. 3d DCA 1995), for using these statutes as the predicate offense under the private whistleblower act.

**D. Evidence of Punitive Damages**

In an apparent typographical error, Defendant says that, "Plaintiff has properly pled a case for punitive damages." From the context, there appears to be a "not" missing. But until Defendant specifies where the pleading falls short, Plaintiff is at a loss to respond. The prayer for relief at the end of the Complaint specifically seeks punitive damages. Punitive damages were a big enough part of the pre-trial proceedings the generate an order from the court compelling Defendant to produce net worth discovery. Doc. 37. Under notice pleading, it is inconceivable how Defendant could be

4

surprised or unprepared to defend on punitive damages. If the pleading were wrong, that should have been dealt with in a motion to dismiss or a motion for summary judgment. All objections to pleading are waived at this late stage, especially after the filing by the parties of a pre-trial stipulation that Plaintiff is seeking punitive damages.

Defendant's back-up argument is that, if punitive damages are allowed to go to the jury, that evidence should be bifurcated. But bifurcation requires more than a desire by one party to have a bifurcation. Fed.R.Civ.P. 42(a) commits these matters to the sound discretion of the trial court. The standard practice is not to bifurcate. The moving party must make a showing that bifurcation is necessary to avoid undue prejudice and will likely accomplish that purpose. Where the evidence supporting punitive damages is also relevant to other issues in the case, bifurcation serves no purpose. EEOC v. HBE Corp., 135 F.3d 543, 551 (8th Cir.1998) (evidence supporting punitive damages was also relevant to liability and animus). Here, the willfulness and egregious conduct that support punitive damages are also relevant to the element of intentionality, notice to top management, ineffective policy and procedure, gender animus, and degree of emotional distress suffered by Plaintiff. In many cases, the amount of a defendant's net worth is a unique fact that is relevant only to punitive damages. But here, even that is a fact demonstrating that Defendant had the resources to put effective systems in place to supervise and monitor its workplace and train its management in the laws governing employers.

Some states have a rule, practice, or custom in their state courts favoring bifurcation of punitive damages. But federal courts in those states must follow federal practice. Id. A district court's decision not to bifurcate punitive damages will generally not support reversal even if later deemed incorrect. Appellate courts give considerable latitude to the discretion of the trial court in

this regard.  <u>Thorne v. Welk Investment Co.</u>, 197 F.2d 1205, 1213 (8th Cir. 1999).

## CONCLUSION

Defendants Motion In Limine  (Doc 50) is without merit and should be denied.

        Respectfully submitted,

        <u>/s/ Richard E. Johnson</u>
        Richard E. Johnson
        Florida Bar Number 858323

        Andrea L. Reino
        Florida Bar Number 427233

        Law Offices of Richard E. Johnson
        314 West Jefferson Street
        Tallahassee, Florida  32301
        850/425-1997
        850/561-0836 facsimile

        Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following: Bruce Anderson and Ginger Barry, attorneys for Defendant, Broad and Cassel, P.O. Box 11300, Tallahassee Florida 32302-3300, this 15th day of May, 2006.

        <u>/s/ Richard E. Johnson</u>
        Richard E. Johnson