IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DEBBIE PARKER,

    Plaintiff,

vs.                                                             4:05-CV-100-SPM

PEAVY & SON, INC.; and
WILLIAM HOWARD,

    Defendants.

_____/

**ORDER ON MOTION IN LIMINE**

**THIS CAUSE** comes before the Court upon Defendant's "Motion in Limine and Memorandum of Law" (doc. 50) filed May 10, 2006 and Plaintiff's memorandum in opposition (doc. 60) filed May 15, 2006. Four grounds are raised, each of which is examined in turn.

**Ground 1. Evidence of Bill Howard's Criminal History.** The Court reserves ruling on this testimony and the accompanying exhibits until the issue is raised at trial.

**Ground 2. Evidence of Harassment by Co-Workers.** As noted by the United States Supreme Court in Pennsylvania State Police v. Suders, 542 U.S. 129, 131 (2004), harassment, even that so intolerable as to cause an employee's resignation, "may be effected through *co-worker conduct*, unofficial supervisory

conduct, or official company acts" (emphasis added).  The Eleventh Circuit has explicitly stated, "Employer liability in a case involving sexual harassment by a co-worker exists when the employer knew (actual notice) or should have known (constructive notice) of the harassment and failed to take remedial action."  Breda v. Wolf Camera & Video, 222 F.3d 886, 889 (11th Cir. 2000)(*citing* Henson v. City of Dundee, 682 F.2d 897, 905 (11th Cir.1982)).  This evidence is ADMISSIBLE.

**Ground 3.  Evidence of Plaintiff's actions to obtain injunction against Howard and of her testimony at bond revocation hearing.**  Defendant argues that this conduct is not covered by the Florida Whistleblower Act because it pertains to violations of laws, rules or regulations that are not applicable to Defendant's business.  The complaint alleges that Plaintiff 1) opposed sexual harassment; 2) obtained an injunction against Howard; and 3) testified against him at his bond hearing.  She alleges that Defendant retaliated against her for taking these actions.

In Rivera v. Torfino Enter., Inc., 914 So. 2d 1087 (Fla. 4th DCA 2005), the appellant objected to sexual harassment at her workplace and was consequently fired.  Id. at 1089.  The court, citing to section 448.103 of the Whistleblower Act, stated, "On its face, this claim clearly appears to state a cause of action under the Act's civil remedy provision."  Id.  *See also* Underwood v. Rhone-Poulenc Rorer Pharm., Inc., 890 So. 2d 429 (Fla. 4th DCA 2004).  The Court finds this

evidence to be ADMISSIBLE.

**Ground 4. Evidence of punitive damages.** Defendant alleges that the Whistleblower Act does not provide for punitive damages and then makes a general allegation that the remainder of the counts are insufficiently pled to warrant punitive damages. Defendant is correct that punitive damages are not permitted under Florida's Whistleblower Act. *See, e.g.*, Branche v. Airtran Airways, Inc., 314 F. Supp. 2d 1194, (M.D. Fla. 2004)(concluding that "the plain and unambiguous language of Florida Statutes Section 448.103(2) precludes an award of punitive damages for a violation of the FWA"); Hanna v. WCI Cmty, Inc., 348 F. Supp. 2d 1332, 1333 (S.D. Fla. 2004)(agreeing with Branche that "punitive damages are not available under the Florida Whistleblower Act"). This evidence is INADMISSIBLE and the motion to bifurcate trial is DENIED.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Ruling on Ground 1 is *reserved*.

2. Ruling on Ground 2: *admissible*.

3. Ruling on Ground 3: *admissible*.

4. Ruling on Ground 4: *inadmissible*.

5. The request to bifurcate the trial included in Ground 4 is *denied*.

6. The Court reserves ruling on *all* exhibits until such time as they are

sought to be introduced at trial.

**DONE AND ORDERED** this <u>seventeenth</u> day of May, 2006.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge